**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Lawrence Sullivan, IV, | No. CV-22-01853-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| United States Government, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss.  (Doc. 16.)  For the following reasons, the motion is granted and the complaint is dismissed with leave to amend.

## BACKGROUND

On October 28, 2022, the complaint (Doc. 1) was filed, purportedly by the sole named Plaintiff in this action, John Lawrence Sullivan, IV.  However, the complaint was written by Plaintiff's wife, who refers to herself throughout the complaint with first-person pronouns as well as the designation "this writer" and refers to Plaintiff with third-person pronouns and the designations "Mr. Sullivan" and "my husband."  (*Id.*)

The complaint takes the form of a lengthy narrative, which does not need to be recounted for the purposes of this order, but one important allegation is that Defendant's acts caused Plaintiff's brain to be "permanently and catastrophically injured," such that he has "global deficits in every area of functioning," including a "significant expressive language deficit."  (*Id.* at 15.)  Plaintiff's wife summarizes his condition as follows:

> Mr. Sullivan requires 24/7 total care and supervision by this writer as he is quite debilitated and disabled.  Mr. Sullivan has right-sided Hemiparesis with only partial use of left hand and partial movement of left leg.  He has expressive language difficulty.  He cannot converse or express his needs effectively.  . . . Mr. Sullivan is totally and completely dependent now.

(*Id.* at 20.)

The demand seeks damages in the amount of $25 million for Plaintiff, $15 million for Plaintiff's wife—referred to in the demand section as "Catherine McAdams Sullivan" and "this writer"—and $5 million for their son.  (*Id.* at 20-21.)

The signature page indicates that it bears the "Signature of Pro Se Plaintiff John Lawrence Sullivan IV."  (*Id.* at 22.)

On April 10, 2023, Defendant filed the pending motion to dismiss, which asserts that the Court "should dismiss the Complaint because in filing it, and attempting to represent her husband, Mrs. McAdams Sullivan has engaged in the unauthorized practice of law."  (Doc. 16 at 1.)  The motion to dismiss further challenges the complaint on other grounds, including lack of subject-matter jurisdiction, Rule 8, Rule 12(b)(6), and failure to exhaust administrative remedies.  (*Id.* at 2-3, 8-12)

On April 24, 2023, Plaintiff purported to respond to the motion to dismiss by filing a document entitled "Addendum."  (Doc. 18.)  In fact, the Addendum is signed on Plaintiff's behalf by Catherine McAdams Sullivan, who identifies herself as the "Attorney-in-Fact" for Plaintiff.  (*Id.* at 4.)  Among other things, the Addendum states: "[W]e had an attorney in the beginning of this case until he lost the case for us and was terminated for poor performance and for not meeting his due diligence. . . .  This writer is not an attorney, nor have I ever represented myself as an attorney."  (*Id.* at 2.)  The Addendum further provides: "Obviously, Mr. Sullivan cannot represent himself Pro Se because he is brain damaged and has expressive language difficulty."  (*Id.*)  The Addendum also states that "Mr. Sullivan appointed [his wife] as his 'Agent' or 'Attorney in Fact' giving [her] the authorization to assist him because he is unable to represent himself . . . ."  (*Id.* at 3.)  Appended to the Addendum are two documents entitled "Durable Financial Power of Attorney" and notary acknowledgements of the same.  (*Id.* at 6-35).  The Addendum further

1    states that despite some difficulty finding an attorney willing to represent Plaintiff in this

2    matter, three attorneys "are considering taking the case." (*Id.* at 2.)

3                                            **DISCUSSION**

4           "Although a non-attorney may appear *in propria persona* in his own behalf, that

5    privilege is personal to him." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697

6    (9th Cir. 1987). A non-attorney "has no authority to appear as an attorney for others than

7    himself" or herself. *Id.* The Ninth Circuit has explained the rationale for this rule as

8    follows:

9           The reciprocal relation between the bar and the bench permits an exception
            only for a person acting personally. A federal court rightly expects a lawyer
10          to represent a litigant. By its supervision of the bar and through its reliance
            on the lawyers before it, the court is enabled to function. Professional
11          competence and professional responsibility are the sine qua non of federal
            litigation and effective judicial response.
12

13   *Id.* at 698.

14          "This rule applies even when a non-lawyer seeks to represent a family member who

15   is a minor or incompetent." *Rosales v. Idaho Dep't of Health & Welfare*, 2022 WL

16   17749262, *1 (9th Cir. 2022). *See also Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77

17   (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or

18   incompetents that they be represented by non-attorneys. Where they have claims that

19   require adjudication, they are entitled to trained legal assistance so their rights may be fully

20   protected.") (citation omitted). Thus, in an action in which the sole plaintiff is incapacitated

21   and cannot proceed *pro se*, the plaintiff must be represented by competent counsel, or

22   alternatively, the action must be dismissed without prejudice. *Id.* at 877.

23          Because Plaintiff cannot be represented by his wife, who is a non-attorney,[1] the

24   complaint filed by Plaintiff's wife must be dismissed. The Court will not consider any of

---

[1]      Plaintiff's wife asserts that although she is "not an attorney," she "holds 2 Master's
Degrees (MSW/MPH) as well as a license in social work (LMSW)," has "served as an
'Expert Witness' on many occasions," has "written very complex reports" as a court social
worker, and has "many years of medical experience including as an EMT/Paramedic,
Hospital Behavioral Health Worker, Substance Abuse Counselor, and Medical Social
Worker." (Doc. 18 at 2.) Although Plaintiff's wife may be qualified and competent in
many arenas, she is not an attorney, and no set of qualifications aside from bar membership
can allow her to provide legal representation for any person other than herself.

Defendant's other arguments regarding dismissal at this time because a complaint filed by a person who had no authority to file it should not be considered in any regard, and Plaintiff is entitled to "trained legal assistance" before any further determination can be made on any point of legal significance. *Id.* at 877.

Plaintiff may file an amended complaint by July 28, 2023.  Because it is clear that Plaintiff lacks the capacity to proceed *pro se*, the amended complaint must be filed by competent counsel.  If Plaintiff fails to retain competent counsel and file an amended complaint by this deadline, Plaintiff's claims will be dismissed without prejudice without further notice.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 16) is **granted**.  The complaint is **dismissed with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint via competent counsel by **July 28, 2023**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to retain competent counsel and file an amended complaint by **July 28, 2023**, the Clerk of Court, without further notice, shall **dismiss this action without prejudice**, enter judgment accordingly, and terminate the action.

Dated this 28th day of June, 2023.

Dominic W. Lanza
United States District Judge